IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUANTUM CATALYTICS, LLC, | § | |
| and TEXAS SYNGAS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2619 |
| | § | |
| ZE-GEN, INC., WILLIAM DAVIS, | § | |
| NEW BEDFORD WASTE SERVICES, | § | |
| LLC, AND VANTAGE POINT VENTURE | § | |
| PARTNERS, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court[1] is Motion for Attorneys' Fees and Costs Incurred in Connection with Plaintiffs' Jurisdictional Discovery (Docket Entry No. 92) filed by Defendants Ze-gen, Inc. ("Ze-gen"), William Davis ("Davis"), and New Bedford Waste Services, LLC ("NBWS"). The court has considered Defendants' motion, Plaintiffs' response, and documents attached to both filings. The court **DENIES** Defendants' motion.

## I. Case Background

On March 31, 2008, the undersigned issued a memorandum recommending that the motion to dismiss filed by Defendants Ze-gen, Davis, and NBWS be granted because Plaintiff failed to make a prima facie showing of personal jurisdiction over any of the three.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 4.

Plaintiffs immediately filed a motion requesting jurisdictional discovery.[2]   The court extended, upon motion, the deadline for Plaintiffs to file objections to the court's Memorandum and Recommendation and set a hearing on the discovery issue.[3]   At the hearing, the court granted Plaintiffs "up to four hours of deposition testimony on jurisdictional discovery" against each of the three defendants who were party to the motion to dismiss.[4] Expressing skepticism, the court warned Plaintiffs that "there may be cost shifting if you're not finding anything."[5]   The court ordered Plaintiffs to file a supplemental brief on the issue by May 30, 2008, and allowed twenty days for response.[6]

On May 20, 2008, Plaintiffs requested additional time for jurisdictional discovery because "the large number of potentially responsive documents prevents Defendants from producing documents before the end of the month, regardless of their diligence."[7]   In

---

[2]   See Motion to Conduct Jurisdictional Discovery, Docket Entry No. 52. Plaintiffs previously had mentioned jurisdictional discovery in their surreply in opposition to the motion to dismiss.  See Surreply in Opposition to the Motion to Dismiss, Docket Entry No. 44, p. 4 (stating that Plaintiffs "request . . . that the Court grant any other relief to which [Plaintiffs] are entitled, including opening up discovery on the issue of jurisdiction").

[3]   See Order, Docket Entry No. 57; Notice of Setting, Docket Entry No. 58.

[4]   Minute Entry Order dated May 2, 2008, Docket Entry No. 66.

[5]   Transcript of hearing held on May 2, 2008, Docket Entry No. 70, p. 15 (also stating, "And it seems to me that in looking at this, you know, you are barely hanging on.").

[6]   See Minute Entry Order dated May 2, 2008, Docket Entry No. 66.

[7]   Plaintiffs' Expedited Motion for Extension of Time to Obtain Jurisdictional Discovery, Docket Entry No. 72, p. 1.

a footnote, Plaintiffs also accused Defendants of dilatory tactics.[8]  Defendants opposed the motion, claiming that they had "cooperated above the call of duty to offer the jurisdictional discovery ordered."[9]  Within a few days of the filing of the motion, the court held a hearing and granted Plaintiff an additional two weeks on the deadlines for the completion of jurisdictional discovery and for briefing.[10]

After the parties completed briefing the jurisdiction issue, the district court reviewed it in the context of Plaintiffs' objections to the undersigned's recommendation.[11]  Based on its review of the newly discovered evidence, the court found it appropriate to discuss the contacts between Defendant Ze-gen and Sowood Capital Management LP and between Defendant Ze-gen and Element Markets LLC.[12]  Ultimately, though, the court decided:

> The elaboration on these failed business contacts and the new evidence in no way affects the finding that the court lacks personal jurisdiction.  The claims in this case do not arise from these business endeavors. The court does not agree with Plaintiffs that efforts to procure financing for Defendant Ze-gen is tantamount to the selling of allegedly infringing material.  Moreover, the relationships with both outside companies were brief

---

[8]     Id.

[9]     Defendants' Response in Opposition to Plaintiffs' Expedited Motion for Extension of Time to Obtain Jurisdictional Discovery, Docket Entry No. 74, p. 11.

[10]     Minute Entry Order dated May 23, 2008, Docket Entry No. 75.

[11]     See Order Adopting Magistrate Judge's Memorandum and Recommendation, Docket Entry No. 90.

[12]     See id. at pp. 1, 5-6

3

and unsuccessful, and the Sowood contact, which was initiated by Defendants Ze-gen and Davis, only incidentally involved a Texas resident.[13]

The court found no evidence the Defendant NBWS had any contact with Texas.[14] Thus, the court adopted the undersigned's recommendation and dismissed all claims against Defendants Ze-gen, Davis, and NBWS.[15]

Less than two weeks later, the dismissed defendants moved for entry of final judgment, which the court denied.[16] They also filed a motion for attorneys' fees, which the court now considers.

## II.  Analysis

Defendants Ze-gen, Davis, and NBWS move for attorneys' fees incurred in connection with the jurisdictional discovery.  They argue that the court anticipated shifting the costs of discovery and should exercise its power to do so under the circumstances of this case.  According to the movants, the undersigned put Plaintiffs on notice that fee-shifting may be appropriate if the discovery proved to be futile.  They contend that the court should follow through with that suggestion based on the court's authority under Federal Rule of Civil Procedure ("Rule") 11, 28 U.S.C. § 1927 ("Section 1927"), and/or the court's inherent power.  As a final

---

[13]   Id. at p. 6.

[14]   See id. at p. 7.

[15]   See id. at p. 7.

[16]   See Motion for Entry of Final Judgment, Docket Entry No. 91; Order dated Sept. 29, 2008, Docket Entry No. 99.

reason in support of fee-shifting, the movants state that, "[h]ad Plaintiffs[] moved voluntarily to dismiss the action against Ze-gen without prejudice, which they should have done upon discovering the lack of jurisdiction, the Court would have been justified to award Ze-gen its fees" under Rule 41(a)(2).[17]

Plaintiffs respond that they never agreed to bear the costs and fees associated with discovery and that they had a good faith basis for requesting and engaging in jurisdictional discovery. They argue that Rule 11 does not apply to these circumstances and that, absent bad faith, neither Section 1927 nor the court's inherent powers authorize the court to shift attorneys' fees.  They further contend that they were not obligated to voluntarily dismiss their suit against the movants.

The court turns first to the legal basis for the motion for attorneys' fees.   Rule 11 authorizes the court to impose appropriate sanctions for representations to the court that were presented for any improper purpose or that raised frivolous legal contentions or unsupportable factual allegations or denials.  Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d).  By its own terms, then, Rule 11 does not

---

[17]    Motion for Attorneys' Fees and Costs Incurred in Connection with Plaintiffs' Jurisdictional Discovery, Docket Entry No. 92, p. 9.

provide an avenue by which the court can shift attorneys' fees for jurisdictional discovery.

Pursuant to Section 1927, the court may sanction counsel for "unreasonably and vexatiously" multiplying the proceedings in a case. Before shifting fees for such behavior, the court must find "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002)(quoting Edwards v. Gen. Motors Corp., 153 F.3d 242, 246 (5th Cir. 1998)).

Similarly, shifting fees pursuant to the court's inherent powers is proper only when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or has defiled the 'very temple of justice.'" Matta v. May, 118 F.3d 410, 416 (5th Cir. 1997)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Again, the imposition of sanctions follows the court's specific finding of bad faith, a high threshold. Matta, 118 F.3d at 416.

Here, the litigation is certainly contentious, and, as evidenced by the e-mails attached to the presently pending motion and response, the lawyers have not always treated one another with the utmost professional courtesy. Nevertheless, the court finds no evidence of bad-faith conduct on the part of either party.

Plaintiffs requested jurisdictional discovery to test the affirmative statements contained within affidavits submitted in

support of dismissal.   Although discovery of facts in support of jurisdiction appeared to be a longshot from the very beginning, the court found that Plaintiffs were entitled to the opportunity.   The court's doubt in the likelihood that Plaintiffs would succeed in establishing jurisdiction did not mean that to proceed was futile or would amount to vexatiously multiplying litigation.   Had the court believed that to be so, the court would not have allowed discovery to take place at all.

Moreover, the court's warning about shifting fees was premised on the possibility that Plaintiffs might not find *any* relevant evidence through discovery.   That was not the case.   Plaintiffs presented the court with some additional evidence and sufficiently argued its relevance to warrant discussion in the court's order adopting the undersigned's recommendation.   Under such circumstances, the court does not find the imposition of sanctions to be warranted by Section 1927 or the court's inherent powers.

Finally, the movants' point regarding the award of fees had Plaintiffs voluntarily dismissed the claims against the movants is unpersuasive.   Rule 41(a)(2) allows a court to grant a plaintiff's request for dismissal of an action "on terms that the court considers proper."   Those words fall well short of mandating any particular "term," much less guaranteeing that the court would have shifted fees.   In fact, it is more likely that the court would have

decided against shifting fees upon voluntary dismissal for the same reasons just explained.

Based on the court's ruling that sanctions are not appropriate, the court does not reach the discussion regarding the reasonableness of the fees requested by the movants.

### III.  Conclusion

Based on the foregoing, the court **DENIES** Defendants' Motion for Attorneys' Fees and Costs Incurred in Connection with Plaintiffs' Jurisdictional Discovery.

**SIGNED** in Houston, Texas, this 1st day of December, 2008.

Nancy K. Johnson
United States Magistrate Judge